**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BEAR STEARNS ASSET-BACKED SECUIRITIES 1 TRUST 2006-AC5, ASSET-BACKED CERTIFICATES, SERIES 2006-AC5,<br><br>Plaintiff,<br><br>vs.<br><br>NV EAGLES, LLC et al.<br><br>Defendants. | 2:15-cv-00786-RCJ-PAL<br><br>**ORDER** |

This case arises from the foreclosure of a residential property pursuant to a homeowners association lien. Pending before the Court is Defendant Nevada Association Services, Inc.'s ("NAS") Motion to Dismiss (ECF No. 28), in which Defendant Sandstone Condominiums Homeowners Association ("HOA") joins (ECF No. 32).[1]

## I.   FACTS AND PROCEDURAL HISTORY

On June 27, 2006, Michael Cress purchased a home located at 517 W Mesquite Boulevard #1524, Mesquite, Nevada 89027 ("the Property"). (Compl. ¶¶ 2, 12, ECF No. 1). The Deed of Trust executed identified GreenPoint Mortgage Funding, Inc. as the lender, MERS as

---

[1] Despite the subsequently filed stipulation to dismiss NAS as a Defendant in this case, (ECF No. 46), the Court nonetheless feels it necessary to rule on the instant Motion because it was joined by the HOA. The HOA remains a Defendant here, and therefore the Court will rule on the Motion notwithstanding Plaintiff's pending Motion to Amend, (ECF No. 45).

1

the beneficiary, Marin Conveyance Corp. as the trustee, and a secured amount of $148,000. (*Id.* ¶ 13). The Property is located in a planned community and is subject to certain covenants, conditions, and restrictions ("CC&Rs"). On April 13, 2012, a Notice of Delinquent Assessment Lien was recorded by Defendant NAS on the HOA's behalf for Cress's failure to pay dues owed. (*Id.* ¶ 14). On May 31, 2012, NAS recorded a Notice of Default and Election to Sell under Homeowners Association Lien against the Property. (*Id.* ¶ 15).

In July 2012, Bank of America, the prior beneficiary and servicer of the loan, requested a current HOA lien payoff demand and account ledger from NAS. (*Id.* ¶ 16). Bank of America was informed by NAS that NAS was not willing to provide a current payoff ledger due to a concern of violating the Fair Debt Collection Practices Act. (*Id.* ¶ 17). However, based on information about the assessments charged on similar properties within the HOA, Bank of America estimated the HOA's lien plus reasonable collection costs to be somewhere around $2,036.33. (*Id.* ¶ 18). Bank of America therefore tendered this amount to NAS in an attempt to satisfy the HOA's lien and protect its interest in the Property. (*Id.* ¶ 19). On August 10, 2012, NAS informed Bank of America that the payoff had been rejected. (*Id.* ¶ 20).

On January 22, 2013, a Notice of Foreclosure Sale was recorded against the Property by NAS at the HOA's direction. (*Id.* ¶ 21). On May 21, 2013, a Foreclosure Deed was recorded with Defendant Underwood Partners, LLC named as the grantee for having allegedly paid $9,000 at a non-judicial foreclosure sale. (*Id.* ¶¶ 22–23). Underwood Partners then sold the Property to Defendant NV Eagles, LLC. (*Id.* ¶ 24). Though no date is included in the Complaint, Plaintiff at some point became the assigned beneficiary under the promissory note and deed of trust. (*Id.* ¶ 6).

Plaintiff filed this lawsuit against Defendants on April 28, 2015 alleging nine causes of action: (1) quiet title to the Property in favor of Plaintiff[2]; (2) preliminary injunction against NV Eagles; (3) wrongful foreclosure against the HOA and NAS; (4) negligence against the HOA and NAS; (5) negligence per se against the HOA and NAS; (6) breach of contract against the HOA and NAS; (7) misrepresentation against the HOA; (8) unjust enrichment against Underwood, NV Eagles, the HOA, and NAS; and (9) breach of the covenant of good faith and fair dealing against the HOA and NAS.

Defendants NAS and the HOA move for the Court to dismiss the Complaint in its entirety for lack of subject-matter jurisdiction due to Plaintiff's failure to comply with N.R.S. 38.310. Alternatively, NAS and the HOA argue that the first cause of action for quiet title should be dismissed as against them because they claim no present interest in the Property.

## II. LEGAL STANDARD

A defendant may challenge the court's subject-matter jurisdiction over a case or certain claims pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of proving that the case is properly in federal court. *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1198 (D. Nev. 2009) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). A challenge to subject-matter jurisdiction may be either facial or factual. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A facial challenge, such as the one presently before the Court, asserts that the allegations contained in the complaint "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To determine whether the facts are sufficient to establish subject-matter jurisdiction, the court must "consider the allegations of the

---

[2] Or alternatively for declaratory judgement regarding the parties' rights vis-à-vis the Property.

3

complaint to be true and construe them in the light most favorable to the plaintiff." *Nevada ex rel. Colo. River Comm'n of Nev. v. Pioneer Cos.*, 245 F. Supp. 2d 1120, 1124 (D. Nev. 2003) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).

## III.     DISCUSSION

Defendants argue that this case should be dismissed because Plaintiff never attempted to mediate its claims as required under N.R.S. 38.310. The statute states in relevant part that:

> No civil action based upon a claim relating to the interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . . may be commenced in any court in this [s]tate unless the action has been submitted to mediation . . . . A court shall dismiss any civil action which is commenced in violation of [this provision].

Defendants contend that Plaintiff's claims against them require in large part an interpretation of the CC&Rs applicable to the community where the Property is located. They argue that because Plaintiff failed to engage in any type of alternative dispute resolution prior to initiating this action, the Court must dismiss the case.

Plaintiff asserts that this statute applies only to homeowners who have disagreements with the associations where their properties are located and that N.R.S. 38.310 should not be applied to holders or beneficiaries of first deeds of trust. Plaintiff cites to legislative history related to the presentment and passage of this statute that it argues supports its position.

The Court agrees with Plaintiff that the statutory scheme embodied in N.R.S. 38.310 generally does not require beneficiaries of deeds of trust to mediate claims, such as the ones presently before the Court, prior to filing a lawsuit. The statute clearly applies to homeowners who are in disagreement with their HOAs regarding the interpretation and effect of applicable CC&Rs. *See Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 900 (Nev. 2008). And there is no indication from the text of the statute that it should be applied beyond this scope. A

possible exception, however, when N.R.S. 38.310 might be applicable to a party such as Plaintiff is when the beneficiary is standing in the shoes of the homeowner after foreclosure, but that is not the posture of this case.[3]

Moreover, a plaintiff must submit its claims to mediation or some other approved program pursuant to N.R.S. 38.310 only if the cause of action actually falls within the statute's coverage. The term "civil action" as used in the statute explicitly excludes "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." N.R.S. 38.300(3). And the Nevada Supreme Court has held that causes of action to quiet title are exempt from N.R.S. 38.310 because such a claim requires the court to determine who holds superior title to a particular parcel of land. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).

This case essentially and ultimately seeks to quiet title to the Property. Plaintiff is pursuing the various claims contained in the Complaint for the purpose of determining who the lawful owner is of the home at issue. Accordingly, the statute does not require that Plaintiff pursue mediation or its equivalent before the instant case may go forward. *See McKnight Family L.L.P.*, 310 P.3d at 558 ("An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her property.").

While it is true that certain claims such as negligence, breach of contract, and wrongful foreclosure have been found to constitute civil actions as defined in N.R.S. 38.310, *see id.* at 558–59, requiring mediation on these allegations in cases such as this one, where the holder of a first deed of trust seeks judicial determination of title to a property, would be an unnecessary procedural step. This case is not based upon an interpretation of the HOA's CC&Rs, and any

---

[3] Even if Plaintiff were required to comply with N.R.S. 38.310, the Court would hold that Plaintiff's predecessor did attempt to mediate its claims with the HOA when it offered to pay off the HOA's lien amount but was denied by NAS.

interpretation thereof required to resolve the dispute between Plaintiff and the various Defendants is ancillary to the issue of paramount concern: was Plaintiff's deed of trust extinguished by the HOA's foreclosure sale. For this reason, the Court finds that N.R.S. 38.310 does not apply in this case.

Finally, NAS and the HOA contend that the first cause of action for quiet title should be dismissed with prejudice as to them because they do not claim a current interest in the Property. Although these Defendants argue that they do not have a present interest in the Property, Plaintiff's claim is structured as either a cause of action for quiet title or for declaratory judgement. (*See* Compl. ¶ 63). As such, the Court finds that the validity of the sale effectuated by NAS at the direction of the HOA remains at issue here. The Court therefore declines to dismiss the first cause of action as alleged against NAS and the HOA.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 28) is DENIED.

IT IS SO ORDERED.

Dated: _ July 21, 2015    ____

_____
ROBERT C. JONES
United States District Judge