**McCARTHY & HOLTHUS, LLP**
Kristin A. Schuler-Hintz (NSB# 7171)
Thomas N. Beckom, Esq  (NSB# 12554)
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
 Telephone:    (702) 685-0329
Facsimile:      (866) 339-5691

Attorneys for Plaintiff/ Counter Defendant
*U.S. Bank*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BEAR STEARNS ASSET-BACKED SECURITIES 1 TRUST 2006-AC5, ASSET-BACKED CERTIFICATES, SERIES 2006-AC5<br><br>Plaintiff,<br><br>v.<br><br>NV EAGLES, a Nevada Limited Liability Company; UNDERWOOD PARTNERS, LLC a Nevada Limited Liability Company; SANDSTONE CONDOMINIUMS HOMEOWNERS ASSOCIATION, a Nevada non-profit organization<br><br>Defendants | Case No.  2:15-cv-00786-RCJ-PAL<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

COMES NOW U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BEAR STEARNS ASSET-BACKED SECURITIES 1 TRUST 2006-AC5, ASSET-BACKED CERTIFICATES, SERIES 2006-AC5 ("U.S. BANK") On the one hand by and through their attorney of record Thomas Beckom, Esq of the law firm of McCarthy Holthus, LLP, NV EAGLES  as well as UNDERWOOD PARTNER LLC by and through their attorney of record John Henry Wright, Esq of the law firm The Wright Law Group and SANDSTONE CONDOMINIUM HOMEOWNERS ASSOCIATION by and through their

Page | 1                                                              NV-14-6208804-CV

attorney of record Elizabeth Lowell of the law firm of Pengilly Robbins and hereby files the STIPULATION TO EXTEND DISCOVERY DEADLINES.  This stipulation is filed pursuant to LR 6-1 as well as LR 26-4 as is fully supported by a showing of "good cause".

**A. DISCOVERY COMPLETED**

1. U.S. Bank has exchanged their Mandatory Disclosures
2. NV Eagles and Underwood has exchanged their Mandatory Disclosures
3. Sandstone Condominium Homeowners association has exchanged their Mandatory Disclosures

**B. DISCOVERY TO BE COMPLETED**

1. Written Discovery to Sandstone Condominium Homeowners regarding the terms of the HOA Sale.
2. A possible deposition of the Fed. R. Civ. Pro 30(b)(6) witness for Sandstone Condominium Homeowners
3. Follow up discovery on any issues or salient facts discovered during the investigation concerning Sandstone Condominium Homeowners
4. A subpoena to Nevada Association services and/ or written discovery
5. A possible deposition of the Fed. R. Civ. Pro 30(b)(6) witness for Nevada Association Services
6. Written Discovery to NV Eagles and/ Or Underwood regarding the terms of the HOA Sale and possibly the terms of their transfer of the property from Underwood to NV Eagles/.
7. A possible deposition of the Fed. R. Civ. Pro 30(b)(6) witness for NV Eagles and/ Or Underwood
8. An appraisal of the property which is the subject of this action.

**C. REASONS DISCOVERY WAS NOT COMPLETED**

U.S. Bank was in the process of obtaining an appraisal of the real property at issue in this litigation. U.S. Bank requested an appraisal from a licensed appraiser that U.S. Bank feels would be able to be certified as an expert for valuation purposes under *Daubert*. However U.S. Bank hit a last minute snag in that the appraiser typically does not do appraisals where the Subject Property is located, which is Mesquite, NV. As such U.S. Bank needs additional time to locate and obtain an appraiser whom is familiar with the local real estate market in Mesquite, which is marketedly different from the real estate market in Las Vegas.

This Court has found "good cause" under LR 26-4 where a party was unable to perform being discovery against a Defendant because of the inability to perform discovery due to circumstances outside of their control. *United Nat'l Funding LLC v. JetDirect Aviation, Inc* 2012 U.S. LEXIS 89587 (D. Nev. 2012)(finding good cause where issues with the interpretation of a bankruptcy stay against one defendant prevented meaningful discovery against that defendant). Typically in the Federal context, "good cause" does not necessarily contemplate prejudice to the other parties but instead contemplates that the discovery deadlines cannot be reasonably met despite the diligence of the parties. *Johnson v. Mammoth Recreations* 975 F.2d 604 (9th Cir 1992)

Here U.S. Bank has been diligent in that they were attempting to obtain an expert to opine of valuation of the Subject Property however ran into unanticipated and unexpected issues with the property being located in Mesquite, Nevada as opposed to Las Vegas. U.S. Bank believed they had an expert however the expert would have had difficulty appraising the property in light of the unique idiosyncrasies of the Real Estate Market in Mesquite. As such U.S. Bank has been diligent within the meaning of the rule and the difficulties encountered by U.S. Bank constitute "good cause" to extend discovery 30 days so that U.S. Bank can obtain their appraisal.

Moreover, U.S. Bank was not made aware of this issue until Friday, September 18, 2015 when U.S. Bank attempted to obtain the appraisal by the September 24, 2015 deadline. As such U.S.

Bank contends that this also constitutes "excusable neglect" for not having requested this by September 4, 2015.

As such U.S. Bank contends that extending the deadlines 30 days is proper.

**D. PROPOSED SCHEDULE FOR CONTINUANTION OF DISCOVERY**

U.S. Bank proposes that Discovery Scheduled be modified to read:

| Activity | Current Dates | Proposed Dates |
|---|---|---|
| Last day to complete discovery | November 23, 2015 | December 23, 2015 |
| Last day to amend pleading/ add parties | August 25, 2015 | No Change |
| Last day for initial expert disclosures | September 24, 2015 | October 26, 2015 |
| Last day for rebuttal expert disclosures | October 26, 2015 | November 30, 2015[1] |
| Last day for dispositive motions | December 23, 2015 | January 25, 2016 |

Therefore the parties here by stipulate to the relief as outlined above and respectfully request that the court modify the July 31, 2015 accordingly.

/…/…/

/…/…/

/…/…/

/…/…/

/…/…/

---

[1] This date was moved to avoid the Thanksgiving holiday to the following Monday after Thanksgiving.

Page | 4

NV-14-6208804-CV

Therefore it is hereby **STIPULATED** between the parties that the discovery deadlines shall be amended as follows:

| | |
|---|---|
| Last day to complete discovery | December 23, 2015 |
| Last day to amend pleading/ add parties | No Change |
| Last day for initial expert disclosures | October 26, 2015 |
| Last day for rebuttal expert disclosures | November 30, 2015 |
| Last day for dispositive motions | January 25, 2016 |

/s/Thomas Beckom, Esq
Thomas N. Beckom, Esq
McCarthy Holthus, LLP
9510 West Sahara Ave. Suite 200
Las Vegas, NV 89117

/s/ Elizabeth Lowell, Esq
Elizabeth Lowell, Esq
Pengilly Robbins
1995 Village Center Circle Suite 190
Las Vegas, NV 89134

/s/ John Henry Wright, Esq
John Henry Wright, Esq
The Wright Law Group, P.C.
2340 Pase Del Pardo Suite D-305
Las Vegas, NV 89102

**ORDER**

IT IS SO ORDERED.

IT IS FURTHER ORDERED that, pursuant to the direction of the district judge that trial be set on the trial stack closest to 120 days after the close of discovery, the **trial date is set for May 2, 2016, at 9:00 a.m.,** with **calendar call on April 25, 2016, at 10 a.m.** before Judge Robert C. Jones.

IT IS FURTHER ORDERED that absent compelling circumstances and a strong showing of good cause, no further extensions will be allowed.

Dated this 6th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE