# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BEAR STEARNS ASSET-BACKED SECUIRITIES 1 TRUST 2006-AC5, ASSET-BACKED CERTIFICATES, SERIES 2006-AC5,<br><br>Plaintiff,<br><br>vs.<br><br>NV EAGLES, LLC et al.<br><br>Defendants. | 2:15-cv-00786-RCJ-PAL<br><br>**ORDER** |

This case arises from the foreclosure of a residential property pursuant to a homeowners association lien. Pending before the Court are a Motion to Amend (ECF No. 54), four Motions for Summary Judgment (ECF Nos. 66, 74, 86, 95), and a Motion to Strike (ECF No. 75).

**I.    FACTS AND PROCEDURAL HISTORY**

On June 27, 2006, Michael Cress purchased a home located at 517 W Mesquite Boulevard #1524, Mesquite, Nevada 89027 ("the Property"). (Compl. ¶¶ 2, 12, ECF No. 1). The Deed of Trust executed identified GreenPoint Mortgage Funding, Inc. as the lender, MERS as the beneficiary, Marin Conveyance Corp. as the trustee, and a secured amount of $148,000. (*Id.* ¶ 13). The Property is located in a planned community and is subject to certain covenants, conditions, and restrictions ("CC&Rs"). On April 13, 2012, a Notice of Delinquent Assessment

1

Lien was recorded by Defendant Nevada Association Services, Inc. ("NAS") on behalf of Sandstone Condominiums Homeowners Association ("the HOA") for Cress's failure to pay dues owed. (*Id.* ¶ 14). On May 31, 2012, NAS recorded a Notice of Default and Election to Sell under Homeowners Association Lien against the Property. (*Id.* ¶ 15).

In July 2012, Bank of America, the prior beneficiary and servicer of the loan, requested a current HOA lien payoff demand and account ledger from NAS. (*Id.* ¶ 16). Bank of America was informed by NAS that NAS was not willing to provide a current payoff ledger due to a concern of violating the Fair Debt Collection Practices Act. (*Id.* ¶ 17). However, based on information about the assessments charged on similar properties within the HOA, Bank of America estimated the HOA's lien plus reasonable collection costs to be about $2,036.33. (*Id.* ¶ 18). Bank of America therefore tendered this amount to NAS in an attempt to satisfy the HOA's lien and protect its interest in the Property. (*Id.* ¶ 19). On August 10, 2012, NAS informed Bank of America that the payoff had been rejected. (*Id.* ¶ 20).

On January 22, 2013, a Notice of Foreclosure Sale was recorded against the Property by NAS at the HOA's direction. (*Id.* ¶ 21). On May 21, 2013, a Foreclosure Deed was recorded with Defendant Underwood Partners, LLC named as the grantee for having allegedly paid $9,000 at a non-judicial foreclosure sale. (*Id.* ¶¶ 22–23). Underwood Partners then sold the Property to Defendant NV Eagles, LLC. (*Id.* ¶ 24). Though no date is included in the Complaint, at some point Plaintiff U.S. Bank became the assigned beneficiary under the promissory note and deed of trust. (*Id.* ¶ 6).

Plaintiff alleges nine causes of action: (1) quiet title to the Property in favor of Plaintiff[1]; (2) preliminary injunction against NV Eagles; (3) wrongful foreclosure against the HOA and NAS; (4) negligence against the HOA and NAS; (5) negligence per se against the HOA and

---

[1] Or alternatively for declaratory judgement regarding the parties' rights vis-à-vis the Property.

1  NAS; (6) breach of contract against the HOA and NAS; (7) misrepresentation against the HOA;
2  (8) unjust enrichment against Underwood, NV Eagles, the HOA, and NAS; and (9) breach of the
3  covenant of good faith and fair dealing against the HOA and NAS. Plaintiff has filed a motion to
4  amend the complaint, a motion for summary judgment, and a counter motion for summary
5  judgment. Defendant NV Eagles has filed a motion for summary judgment. Defendant NAS has
6  filed a motion to strike the HOA's answer to the Complaint, which includes a third-party
7  complaint against NAS.

8  **II.     MOTION TO AMEND COMPLAINT**

9  The Court needs to correct an error made in regard to Plaintiff's motion to amend the
10 complaint. Plaintiff filed its Complaint on April 28, 2015 and included NAS as a defendant. On
11 May 27, 2015, NAS filed a motion to dismiss the Complaint, arguing that U.S. Bank had failed
12 to submit to mediation as required by Nev. Rev. Stat. 38.310, or alternatively, that NAS claims
13 no interest in the property. (*See* ECF No. 28). On July 17, 2015, U.S. Bank filed a motion to
14 amend its complaint to exclude NAS as a defendant in response to the concerns about mediation.
15 (*See* ECF No. 45). U.S. Bank and NAS also filed a stipulation to dismiss NAS from the case
16 without prejudice. (*See* ECF No. 46).

17 On July 21, 2015, the Court granted the stipulation to dismiss NAS and also denied
18 NAS's prior motion to dismiss the case because mediation was not required. (*See* ECF No. 48).
19 Also, in the motion to dismiss, NAS and the HOA argued that the Court should dismiss the quiet
20 title claim because they claimed no current interest in the Property; however, the Court denied
21 the request because the validity of the sale effectuated by NAS at the direction of the HOA
22 remained at issue. (*Id.*). U.S. Bank withdrew its motion to amend the complaint on August 20,
23
24

1   2015 because it was no longer necessary to exclude NAS as a defendant after the Court denied

2   NAS's motion to dismiss. (*See* ECF No. 53).

3       On August 25, 2015, U.S. Bank timely[2] renewed its motion to amend the complaint,

4   requesting that NAS be brought back in as a defendant. (*See* ECF Nos. 54, 55). Although

5   Plaintiff had withdrawn its first motion to amend, the Court inadvertently denied that motion,

6   whereas the docket incorrectly reflected that the Court denied Plaintiff's renewed motion to

7   amend. (*See* ECF No. 56). In other words, the Court has not yet ruled on Plaintiff's renewed

8   motion to amend.

9       The renewed motion to amend attempts to bring NAS back in as a defendant, and it

10  would also remove two claims (preliminary injunction, negligence per se) and add four new

11  claims (commercial reasonableness, voidable transfer under Nev. Rev. Stat. §§ 112.180 and

12  112.190, and violation of the Takings Clause). The Court finds it necessary to bring NAS back in

13  as a defendant because Plaintiff's request to do so was filed in a timely manner. Also, the

14  validity of the sale effectuated by NAS at the direction of the HOA remains at issue. The Court

15  grants the renewed motion to amend the complaint. As a result, the Court must deny as moot the

16  pending motions for summary judgment and the motion to strike.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

---

[2] The last date to amend pleadings and add parties was August 25, 2015. (*See* Order, ECF No. 50).

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint (ECF No. 54) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions for Summary Judgment (ECF No. 66, 95) and Counter Motion for Summary Judgment (ECF No. 86) are DENIED as moot.

IT IS FURTHER ORDERED that Defendant NV Eagles's Motion for Summary Judgment (ECF No. 74) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant NAS's Motion to Strike (ECF No. 75) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants shall file a responsive pleading to the Amended Complaint by June 24, 2016. Applications to extend any dates set by Discovery Plan and Scheduling Order (ECF No. 50) shall be received no later than 5:00 p.m., June 24, 2016, and shall fully comply with the requirements of LR 26-4.

IT IS FURTHER ORDERED that the Motion Hearing scheduled for June 29, 2016 is hereby VACATED.

IT IS SO ORDERED.

Dated this 25th day of May 2016.

_____
ROBERT C. JONES
United States District Judge